**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            No. 4:15CR00215 JLH

SHONDA A. HOSKINS                                                                           DEFENDANT

**OPINION AND ORDER**

Shonda A. Hoskins was indicted on one count of conspiracy to defraud the United States in violation of 18 U.S.C. §§ 287 and 2. She entered into a written plea agreement and, pursuant to that written plea agreement, entered a plea of guilty. The Court sentenced Hoskins to a term of imprisonment of eighteen months to be followed by three years of supervised release. Pursuant to the plea agreement, restitution was ordered in the amount of $800,000. Hoskins appealed, arguing that she should not be responsible for the $800,000 in restitution and that the sentence was substantively unreasonable. Her lawyer filed a brief under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Hoskins filed a *pro se* supplemental brief, arguing that the statute of limitations expired in the year that she was indicted. The Eighth Circuit affirmed, holding that by entering into the plea agreement Hoskins waived her arguments regarding the restitution amount and the statute of limitations. *United States v. Hoskins*, 2016 WL 6543517 (8th Cir. Nov. 4, 2016). That court also independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988), and found no nonfrivolous issues.

While the direct appeal was pending, Hoskins filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. Hoskins's section 2255 motion asserts three grounds for relief. First, Hoskins contends that her lawyer was ineffective by allowing her to be sentenced based on erroneous information contained in the presentence report. Second, Hoskins contends that she

was sentenced under an incorrect sentencing guideline range in violation of her right to due process. Third, Hoskins contends that her rights under the tenth and fourteenth amendments were violated because the Court sentenced her based on incorrect information in the presentence report. All three of these grounds for relief are based on Hoskins's argument that the loss amount for purposes of calculating the guideline range should have been $275,400, rather than an amount exceeding $550,000, because, she says, she separated herself from her co-defendant prior to the loss exceeding $275,400.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that her lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695,

104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id*. at 695, 104 S. Ct. at 2069. The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). When the claim of ineffective assistance of counsel arises out of the plea process, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. An increased prison term may constitute prejudice under the *Strickland* standard. *Glover v. United States*, 531 U.S. 198, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

As noted above, Hoskins entered into a written plea agreement. In that plea agreement, Hoskins agreed that the intended loss was at least $950,000, a figure that represented the total tax refunds sought through her efforts in the conspiracy for 2008, 2009, and 2010 tax years. Document #20 at 3 ¶10. That loss amount resulted in an agreed base offense level of 20. *Id*. She also agreed to restitution in an amount no less than $800,000. *Id*. At the change-of-plea hearing, the prosecutor summarized the plea agreement on the record, stating that Hoskins agreed to a base offense level of 20, which was based on an intended loss of $950,000. Document #36 at 9. Hoskins stated under oath that that was an accurate statement of the terms of her plea agreement. *Id*. She stated under oath that she signed the plea agreement voluntarily, that she read it before she signed it, that she discussed it with her lawyer, that she understood the terms of her plea agreement, and that she intended to agree to all of its terms. *Id*. at 9-10. Later in the change-of-plea hearing, the prosecutor summarized the evidence that the United States would have presented at trial, stating that the United States would have proved that for the tax years 2008 and 2009, the defendant and her co-conspirator

filed in excess of 150 returns that included fraudulent claims for the first-time home-buyer credit, which resulted in more than $800,000 in claims against the United States to which the defendant and her co-conspirator were not entitled. *Id*. at 12. Hoskins admitted under oath that all of that was true. *Id*. Hoskins also stated under oath that she was satisfied with her lawyer's performance. *Id*. at 14. At the sentencing hearing, Hoskins again informed the Court that she was satisfied with her lawyer's performance. Document #34 at 2.

Pursuant to the plea agreement, the presentence report stated that the base offense level under U.S.S.G. § 2B1.1 was 6. Because the loss exceeded $550,000, the base offense level was increased by 14, making the adjusted offense level 20. *See* U.S.S.G. § 2B1.1(b)(1)(H). The presentence report provided for a two-level reduction for acceptance of responsibility, making the offense level 18. Hoskins had two criminal history points, which established a criminal history category of II. Based on an offense level of 18 and a criminal history category of II, the guideline imprisonment range, according to the presentence report, was 30 to 37 months. There were no objections to the presentence report, other than a request that it be amended to reflect that Hoskins had high blood pressure. Document #34 at 3. The government moved for the third-level reduction for acceptance of responsibility, which made the offense level 17. *Id*. at 4. With an offense level of 17 and a criminal history category of II, the guideline imprisonment range was 27 to 33 months. After considering all of the relevant factors under 18 U.S.C. § 3553(a), the Court varied downward and sentenced Hoskins to a term of imprisonment of 18 months and, pursuant to the plea agreement, ordered restitution in the amount of $800,000.

Based on this record, Hoskins cannot meet either prong of the *Strickland v. Washington* test. She cannot show that her lawyer's performance was deficient, nor can she show that the deficient performance prejudiced the outcome of the case.

First, Hoskins's current allegations that her lawyer was ineffective are contradicted by her statements under oath at the change-of-plea hearing and her statements at the sentencing hearing that she was completely satisfied with the work her lawyer had done for her. These statements have a strong presumption of truthfulness, and that strong presumption creates a high burden for Hoskins to meet. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Hoskins has presented nothing that would meet that burden. Second, Hoskins cannot show that her lawyer was ineffective for allowing her to be sentenced based on incorrect information. The information that she contends is incorrect is information that she testified was accurate and to which she agreed in her plea agreement. Hoskins contends that the intended loss was no greater than $275,400, but in her plea agreement she agreed that the intended loss was at least $950,000. At the change-of-plea hearing, Hoskins stated under oath that she agreed that the intended loss was at least $950,000. Hoskins's lawyer was not ineffective for failing to present evidence to contradict information that Hoskins swore was accurate.

Hoskins's present argument is that she separated her self from the co-conspirator at a time when the intended loss was no greater than $275,400. According to the presentence report, Hoskins and her co-conspirator separated in 2011. According to the plea agreement, the intended loss for the years 2008 through 2010 was at least $950,000. Thus, according to Hoskins's agreement with the government, the intended loss used for sentencing purposes accrued before she and her co-conspirator separated.

Because Hoskins agreed that the intended loss exceeded $950,000, her lawyer's failure to argue that the intended loss should not have exceeded $275,400 did not prejudice the outcome of the case. Such an argument would have been frivolous and would have been rejected.

In her second and third grounds for relief, Hoskins contends that she was sentenced based on an incorrect sentencing guideline range and erroneous information. Because these arguments could have been raised on direct appeal but were not, they have been waived. *Schneider v. United States*, 981 F.2d 989, 990 (8th Cir. 1992) (per curiam). Furthermore, for the reasons explained above, Hoskins's second and third grounds for relief are without merit. She was not sentenced based on an incorrect guideline range or erroneous information. Hoskins agreed in the plea agreement to the information in the presentence report used to establish the offense level and to the guideline range used for sentencing purposes.

Hoskins's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence is DENIED. Document #45. No certificate of appealability will be issued.

IT IS SO ORDERED this 30th day of November, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE